**In the Matter of MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC., Debtor.**

**Bankruptcy No. 86–1183.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 6, 1986.

Albert Gordon, Tampa, Fla., for debtor.

Krooth & Altman, Washington, D.C., pro se.

## ORDER ON OBJECTION TO CLAIM # 38 OF KROOTH & ALTMAN

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon notice and hearing of an objection to Claim # 38 of Krooth & Altman, filed by Mandalay Shores Cooperative Housing Association, Inc. (MSCHA), the Debtor in the above-captioned Chapter 11 case. MSCHA asserts that Krooth & Altman's claim, which is for legal services rendered to MSCHA in 1980 and 1981, is barred by the applicable statute of limitations. The Court has considered the objection together with the record, heard argument of counsel, and finds as follows:

In February 1980, MSCHA retained the law firm of Krooth & Altman to assist MSCHA in the purchase of the Mandalay Shores apartment project from the U.S. Department of Housing and Urban Development. Mr. F.J. Burr, president of MSCHA, and Daniel E. Mann, secretary of MSCHA, executed a retainer agreement on behalf of MSCHA on February 19, 1980. Krooth & Altman rendered services for MSCHA pursuant to this agreement through March 23, 1981, shortly before MSCHA filed its first Petition for Relief under Chapter 11 in this Court on April 3, 1981. Krooth & Altman filed a timely proof of claim for these prepetition legal fees, but was not paid before the case was dismissed on October 25, 1985, for failure to propose an adequate reorganization plan.

Upon dismissal of the 1981 petition, MSCHA filed a petition under Chapter 11 in the Bankruptcy Court for the Northern District of Illinois on November 4, 1985. Krooth & Altman again filed a timely proof of claim for the prepetition fees owed by MSCHA. This petition was also dismissed on December 19, 1985, but MSCHA appealed the Order of Dismissal to the District Court for the Northern District of Illinois.

While the appeal of the Order of Dismissal was still pending in the district court in Illinois, MSCHA filed a third petition under Chapter 11 in this Court on March 31, 1986. Once again, Krooth & Altman filed a timely proof of claim for the prepetition legal fees. On August 8, 1986, MSCHA filed an objection to Claim # 38 of Krooth & Altman, alleging that the claim is barred by the applicable Statute of Limitations, Fla. Stat.Ann. § 95.11(2)(b) (West 1982).

Fla.Stat.Ann. § 95.11(2)(b) provides that any action on a contract founded on a written instrument must be commenced within five years of the time the cause of action arose. Krooth & Altman's cause of action arose on March 23, 1981, the last prepetition date that services were rendered to MSCHA. Applying § 95.11(2)(b) to the cold facts of this case, Krooth & Altman's claim technically is barred by the Statute of Limitations because the five years during which Krooth & Altman could institute an action expired on March 23, 1986, eight days before MSCHA filed its third and current petition.

Fortunately for Krooth & Altman, this Court is not compelled to consider only the cold facts and, as a court of equity, can consider the totality of circumstances under which Krooth & Altman asserts its claim. In equity, a claimant should not be penalized for an unfortunate sequence of events which was wholly and exclusively in the control of MSCHA. Krooth & Altman asserted its claim against MSCHA at every opportunity and MSCHA has at all times

been aware of Krooth & Altman's claim. MSCHA's repetitious petitions, the third filed while the dismissal of the second was still on appeal, are voluntary acts which may be construed as implied promises to pay. MSCHA cannot be allowed to seek the protection of the bankruptcy court in order to simply hide from its creditors and to await the expiration of the Statute of Limitations. In spite of the technical merits of MSCHA's position, this Court is satisfied that Krooth & Altman's claim is not barred by the Statute of Limitations and that the objection to Krooth & Altman's claim should be overruled.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim # 38 of Krooth & Altman be, and the same is hereby, overruled, and Claim # 38 of Krooth & Altman be, and the same is hereby allowed as filed.